IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                                       PLAINTIFF

v.                                              Case No. 6:22-cv-6011

RICHARD TODD BALL                                                                                  DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 32. Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 23) be granted. Plaintiff, representing himself in this action, has responded with objections. ECF No. 33. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that from the beginning of the COVID-19 pandemic through the date he filed his complaint, Defendant Deputy Warden Richard Todd Ball refused to train his staff regarding the COVID-10 policies and refused to enforce mask wearing among his staff at the Ouachita River Unit ("ORU").

Plaintiff attached copies of two grievances to his complaint. One grievance, dated December 6, 2021, is illegible. The other grievance, dated December 21, 2021, is partially legible and references Ball's alleged failure to train his staff regarding the ORU's COVID-19 policies and failure to enforce these policies. After an inmate has submitted an informal grievance, or Step Once grievance, the Arkansas Division of Correction's grievance policy requires an inmate to submit a Step Two grievance form to the grievance officer, who then assigns a grievance number

and logs the date the grievance was received in the "For Office Use Only" box. ECF No. 19-2, at 9. However, neither grievance submitted by Plaintiff was dated or assigned a grievance number in the "For Office Use Only" box on the form. Thus, it appears that neither grievance progressed past the informal Step One grievance process to the formal Step Two grievance process, which is required for exhaustion. *See* ECF No. 19-2, at 6-10, 19.

Ball argues that he is entitled summary judgment because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff does not dispute that did not exhaust any ADC grievances against Ball regarding COVID-19 mask-wearing policies prior to filing this lawsuit. Instead, he argues that the law does not require him to exhaust his administrative remedies, especially when grievance officers "interfere" with the grievance process.

Judge Bryant recommends that Ball's summary judgment motion be granted because Plaintiff has failed to exhaust his administrative remedies and no exception to the exhaustion requirement is applicable to this case. ECF No. 32. Plaintiff objects. ECF NO. 33.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA,

that define the boundaries of proper exhaustion." *Id.* A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

If an inmate has not fully exhausted his administrative remedies when he files his complaint, "dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, the Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust the administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

In his objections, Plaintiff generally alleges that when a grievance officer fails to do his or her job, a prisoner cannot "move his grievance through the system" and proceed to the next step of the grievance process. ECF No. 33. However, the Arkansas Division of Correction grievance policy permits an inmate to continue through the grievance process to exhaustion in the event he or she receives an incorrect or unsatisfactory staff response or fails to receive a timely staff response. ECF No. 19-2, at 8. ("If the designated Problem Solver . . . has failed to contact the inmate and attempt resolution of the complaint or failed to return Step One (the grievance) within the designated three working days, the inmate may proceed to Step Two, the formal grievance, without the completion of Step One."). Nothing in the record shows that Plaintiff took any steps to continue through the grievance process to exhaustion for the claims in this case. Further, Plaintiff has not submitted any evidence that he was denied access to the grievance process or that a grievance officer interfered with the grievance process. Accordingly, the Court agrees with

Judge Bryant's recommendation that Ball is entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies.

### III.  CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 32. Defendant Ball's Motion for Summary Judgment (ECF No. 23) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge